UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUL 14  AM 11: 40

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| HHF2020 LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-54 |
| | ) |
| TRUMBULL-NELSON CONSTRUCTION | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ORDER CONDITIONALLY GRANTING DEFENDANT TRUMBULL-NELSON CONSTRUCTION COMPANY, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY
(Doc. 5)

Plaintiff HHF2020 LLC ("HHF") brings this action against Defendant Trumbull-Nelson Construction Company, Inc. ("Trumbull-Nelson") seeking damages for an alleged breach of an agreement to remodel a residence (the "Project") located at 3147 Mt. Hunger Road in Barnard, Vermont, which is also referred to as Honey Hill Farm (the "Property"). The Complaint alleges the following counts: Breach of Express Warranty (Count I), Breach of Contract (Count II), Reimbursement for Attorneys' Fees (Count III), and Judicial Determination Cancelling a Mechanic's Lien (Count IV).

On February 22, 2022, HHF filed its Complaint. (Doc. 1.) On March 31, 2022, Trumbull-Nelson answered the Complaint; counterclaimed against HHF; and filed a third-party Complaint against Jonathan Landow, MD ("Dr. Landow"), an HHF representative who was HHF's decision-maker with regard to the Project. (Doc. 3.) It asserts the following claims against HHF and Dr. Landow: Enforcement of a Mechanic's Lien Pursuant to 9 V.S.A. § 1921 (Count I), Breach of Construction Contract/Vermont Prompt Payment Act (Count II), Breach of Implied Covenant of Good Faith and Fair

Dealing (Count III), Quantum Meruit (Count IV), and Unjust Enrichment (Count V). On May 24, 2022, HHF filed a motion for leave to file a third-party Complaint against Christian Ufford, an owner of Trumbull-Nelson, which the court granted on July 1, 2022.

Pending before the court is Trumbull-Nelson's motion to compel arbitration (Doc. 5) pursuant to the parties' construction contracts for the Project (the "Contracts"). On May 9, 2022, HHF opposed the motion to compel arbitration, and on May 23, 2022, Trumbull-Nelson replied. The court held oral argument on July 1, 2022, at which time the pending motion was taken under advisement.

HHF and Dr. Landow were previously represented by Cabot R. Teachout, Esq., but have not yet obtained replacement counsel.[1] Trumbull-Nelson is represented by Anthony J. Manhart, Esq., Kenneth E. Rubinstein, Esq., and Wm. Andrew MacIlwaine, Esq.

## I.      Factual Background.

On or about March 17, 2021, HHF and Trumbull-Nelson executed an American Institute of Architects ("AIA") A103 contract for demolition on a cost-plus basis plus an agreed-upon fee (the "Demolition Contract"). The Demolition Contract was completed by Trumbull-Nelson. HHF makes no complaint regarding the quality of the work performed thereunder.

On or about July 9, 2021, HHF and Trumbull-Nelson entered into an AIA A133-2019 framing contract (the "Framing Contract") with a guaranteed maximum price ("GMP") of $310,498 pursuant to which Trumbull-Nelson billed on a cost-plus basis up to the GMP and thereafter any further expense would be borne by Trumbull-Nelson provided the scope of work remained substantially unchanged. On or about July 23, 2021, HHF and Trumbull-Nelson entered into an AIA A103-2017 construction contact (the "Construction Contract"). At the time, the Project plans remained incomplete, and a

---

[1] In a July 12, 2022 Text Order, the court has set a deadline for a notice of appearance for HHF's and Dr. Landow's new counsel.

significant amount of work was required beyond the scope of the work described in the Contracts.

From July to September 2021, Trumbull-Nelson worked on the Framing Contract and the Construction Contract simultaneously. To assist with the performance of the Framing Contract, Trumbull-Nelson subcontracted with Dalton Construction. On November 19, 2021, on behalf of HHF, Dr. Landow sent Trumbull-Nelson a Cease and Desist letter requesting that Trumbull-Nelson cease all current and future construction at the Project. Having terminated Trumbull-Nelson, HHF contracted directly with Dalton Construction to complete the Framing and Construction Contracts. In accordance with the requirements of the Contracts, Trumbull-Nelson sent correspondence to HHF and Dr. Landow on January 12, 2022, formally terminating the Contracts for cause and demanding payment of amounts due under its outstanding invoices, in the amount of $166,501.08, plus contractual damages for profit for the Contracts for work not executed and costs in the amount of $71,878, for a total amount of $241,370.68. Trumbull-Nelson alleges HHF failed and refused to pay the amounts due under the Contracts. Trumbull-Nelson cites a declaration from Dalton Construction stating that there were no defects in Trumbull-Nelson's work.

The Contracts each contain the following Binding Dispute Resolution provision:

For any Claim subject to, but not resolved by, mediation pursuant to Article 15 of AIA Document A201–2017, the method of binding dispute resolution shall be as follows:
*(Check the appropriate box.)*

    [ X ]   Arbitration pursuant to Section 15 of AIA Document A201–2017

    [   ]   Litigation in a court of competent jurisdiction

    [   ]   Other *(Specify)*

(Doc. 5-1 at 13; Doc. 5-2 at 21; Doc. 5-3 at 13.)

The Contracts incorporate by reference the AIA Form A201-2017 (the "A201"), which in turn includes the following provision: "The Initial Decision Maker is the person identified in the Agreement to render initial decisions on Claims in accordance with Section 15.2." (Doc. 5-2 at 69; Doc. 5-3 at 41.) Section 15.2 of the A201, titled "Initial

3

Decision[,]" states in relevant part: "Claims . . . shall be referred to the Initial Decision Maker for initial decision. The Architect will serve as the Initial Decision Maker, unless otherwise indicated in the Agreement. . . . [A]n initial decision shall be required as a condition precedent to mediation of any Claim. If an initial decision has not been rendered within 30 days after the Claim has been referred to the Initial Decision Maker, the party asserting the Claim may demand mediation and binding dispute resolution without a decision having been rendered." (Doc. 5-2 at 97; Doc. 5-3 at 69). "**The initial decision shall be final and binding on the parties but subject to mediation and, if the parties fail to resolve their dispute through mediation, to binding dispute resolution.**" *Id.* (emphasis supplied).

## II.    Conclusions of Law and Analysis.

### A.    Whether the Court Should Compel Arbitration.

Trumbull-Nelson moves to compel arbitration and stay these proceedings pending the completion of arbitration. In response, HHF concedes that the Contracts "include a dispute resolution procedure which references [the A201,]" (Doc. 21 at 2), but argues that the A201 should not apply to this action because HHF never signed or reviewed the A201. In the alternative, HHF asserts that the dispute resolution procedures set forth in the Contracts have not been followed because the parties have not yet referred their claims to the Initial Decision Maker or attended mediation. HHF does not explain its own failure to follow these procedures before filing suit.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, "requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation." *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003). Congress' "clear" intent in passing the FAA was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). "To achieve these goals, [the FAA] provides that arbitration clauses in commercial contracts 'shall be valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (citing 9 U.S.C. § 2).

"By its terms," the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). In reviewing motions to compel arbitration, courts "must therefore determine: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; and, (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable." *Daly*, 939 F.3d at 421 (alterations, citation, and internal quotation marks omitted).

The parties agreed to arbitrate their claims and further agreed to mediate their claims prior to formal arbitration. In the "Binding Dispute Resolution" section of the Contracts, the parties selected "Arbitration pursuant to Section 15 of [the A201]" rather than "Litigation in a court of competent jurisdiction[.]" (Doc. 5-1 at 13; Doc. 5-2 at 21; Doc. 5-3 at 13.) Because the A201 is incorporated by reference in the Contracts, HHF is bound by its terms. *See Bergman v. Spruce Peak Realty, LLC*, 2011 WL 5523329, at *3 (D. Vt. Nov. 14, 2011) ("A contract may incorporate an extrinsic document by specific reference to it, and that document will be interpreted as a part of the main instrument.") (internal quotation marks omitted). The claims at issue in this case fall squarely within the Contracts' broad arbitration clause. *See Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (holding claims were presumptively arbitrable because "submitting to arbitration '[a]ny claim or controversy arising out of or relating to th[e] agreement[ ]' is the paradigm of a broad clause") (alterations in original).

HHF points out that the Contracts mandate arbitration only *after* the parties refer their claims to an Initial Decision Maker and engage in mediation. However, because HHF terminated the Project's Architect, there is no longer an Initial Decision Maker. Regarding mediation, the A201 states in relevant part: "Claims, disputes, or other matters in controversy arising out of or related to the Contract . . . **shall be subject to mediation as a condition precedent to binding dispute resolution.**" (Doc. 5-2 at 98; Doc. 5-3 at

70) (emphasis supplied). "The request [for mediation] may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order." *Id.*

Regarding arbitration, the A201 states:

**If the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any Claim subject to, but not resolved by, mediation shall be subject to arbitration** which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Agreement.

*Id.* (emphasis supplied). In other words, while HHF and Trumbull-Nelson have agreed to arbitrate their claims rather than litigate them in federal court, they must mediate as a prerequisite to arbitration.

For the foregoing reasons, Trumbull-Nelson's motion to compel arbitration (Doc. 5) is CONDITIONALLY GRANTED. The court ORDERS HHF and Trumbull-Nelson to engage in mediation in good faith as required by their Contracts within sixty (60) days of this Entry Order, and if that is unsuccessful, it hereby ORDERS their claims and counterclaims to be arbitrated as required by the Contracts. *See Cullenen v. Town of Rockingham*, 2016 WL 6496225, at *4 (D. Vt. Nov. 2, 2016) (holding where a contract required mediation before arbitration that "[t]he parties shall participate in mediation in good faith; if disputes remain, the parties shall participate in arbitration"). The court STAYS this action pending the resolution of those proceedings. *See Jr. Food Stores, Inc. v. Hartland Constr. Grp., LLC*, 2020 WL 1442889, at *4 (W.D. Ky. Mar. 24, 2020) ("The [c]ourt will stay this proceeding until the conclusion of the ordered mediation and arbitration[.]") (emphasis omitted).

While third-party Complaints have been filed against Dr. Landow and Mr. Ufford, the presence of third parties does not negate the dispute resolution provisions of the Contracts. *See Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)

(observing that "nonsignatories may be bound to the arbitration agreements of others"). The A201 states that "[s]ubject to the rules of the American Arbitration Association or other applicable arbitration rules, either party may include by joinder persons or entities substantially involved in a common question of law or fact whose presence is required if complete relief is to be accorded in arbitration, provided that the party sought to be joined consents in writing to such joinder." (Doc. 5-2 at 99; Doc. 5-3 at 71.) Dr. Landow appears to be "substantially involved in a common question of . . . fact" as he is the author of the Cease and Desist letter and was HHF's primary representative for the Project. *Id.* Counsel for Trumbull-Nelson has represented that Mr. Ufford consents to mediate and arbitrate any claims against him.

<h2 style="text-align:center">CONCLUSION</h2>

For the reasons stated above, the court CONDITIONALLY GRANTS Trumbull-Nelson's motion to compel arbitration (Doc. 5). HHF and Trumbull-Nelson shall engage in mediation in good faith within sixty (60) days of this Entry Order, and if mediation is unsuccessful, they are hereby ORDERED to submit their claims and counterclaims to arbitration. This case shall be STAYED pending the results of mediation and, if necessary, arbitration.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of July, 2022.

Christina Reiss, District Judge
United States District Court